IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lawrence Stafford Davis,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:06-cr-01317-TLW<br>C/A No. 4:13-cv-02639-TLW<br><br><br>**Order** |

    This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Lawrence Stafford Davis.  For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

    On July 18, 2007, Petitioner pled guilty to Counts 1 and 4 of the Superseding Indictment, which charged him with conspiracy to distribute and possess with intent to distribute 5 grams or more of cocaine base (Count 1) and distribution and possession with intent to distribute 5 grams or more of cocaine base (Count 4).  On October 30, 2007, the Court sentenced him to 228 months imprisonment followed by 8 years of supervised release on each count, to run concurrently.  Judgment was entered on November 9, 2007.  He did not file a direct appeal.

    On November 3, 2008, Petitioner filed a petition in this Court under 28 U.S.C. § 2255, stating three grounds for relief:  (1) ineffective assistance of counsel; (2) his guilty plea was not voluntarily made; and (3) there was no factual basis for the guilty plea.  On February 27, 2009, the Court entered an order granting the government's motion for summary judgment and dismissed the petition with prejudice.

1

On or about September 23, 2013, Petitioner filed this second petition under § 2255. With his petition, he filed a motion in the Fourth Circuit under 28 U.S.C. § 2244 for permission to file a second or successive motion under § 2255. By order dated October 28, 2013, the Fourth Circuit denied the motion. On November 4, 2013, the Government filed a motion to dismiss the petition. He did not file a response to the motion to dismiss.

## II.    Discussion

The Court does not have jurisdiction to consider Petitioner's motion. He has filed a previous § 2255 motion and has not obtained permission from the Fourth Circuit to file a second or successive motion. A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner's present motion is second or successive.[1] He has not received an order from

---

[1] Not every numerically second § 2255 petition is "second or successive" within the meaning of § 2255(h). *See, e.g.*, *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that a numerically second § 2255 petition was not second or successive where "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated"); *In re Williams*, 444 F.3d 233, 234 (4th Cir. 2006) (concluding that permission to file a second or successive petition was not necessary where his prior petition was granted for the purpose of allowing him to file a direct appeal); *In re Taylor*, 171 F.3d 185, 187–88 (4th Cir. 1999) (allowing a numerically second § 2255 petition where the claim arose at a resentencing resulting from his first § 2255 petition).

Petitioner's petition here, however, is second or successive. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law

the Fourth Circuit authorizing a second or successive petition. Consequently, the Court is without jurisdiction to consider it. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (noting that the petitioner must seek permission from the circuit court to file a second or successive motion under § 2255); *Burgess v. Warden*, No. 2:11-1621-CMC, 2011 WL 4345430, at *2 (D.S.C. Sept. 15, 2011) ("As Petitioner is no doubt well aware, prior to filing a second or successive motion under § 2255, he must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.").

## III. Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 508, is **GRANTED**, and Petitioner's motion for relief pursuant to § 2255, ECF No. 497, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of

---

(made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)); *Gilbert v. United States*, 640 F.3d 1293, 1295 (11th Cir. 2011) (barring as second or successive a petitioner's claim that his career offender enhancement was invalid based on subsequently-decided authority).

Appellate Procedure.

**IT IS SO ORDERED**.

                                                  *s/ Terry L. Wooten*
                                                  Terry L. Wooten
                                                  Chief United States District Judge

October 31, 2014
Columbia, South Carolina