IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | Crim. No. 4:06-cr-01317-TLW-1 |
|---|---|
| v. | **Order** |
| Lawrence Stafford Davis | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to charges of Conspiracy to Possess With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 846 (Count 1); and Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (Count 4). After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range on both counts was 10 years to Life, followed by at least 8 years of supervised release. PSR ¶¶ 80, 84. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 262–327 months (34/VI), followed by 8 years of supervised release. PSR ¶¶ 81, 87. At sentencing, the Court granted a two-level variance, which made his Guidelines range 210–262 months (32/VI), and sentenced him to concurrent terms of 228 months imprisonment, followed by 8-year terms of supervised release. ECF

1

Nos. 295, 296. On January 17, 2017, the President commuted Defendant's sentence such that it would expire on January 17, 2019, ECF No. 621, and BOP records reflect that he was released from custody that day.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Counts 1 and 4 charged him, in part, with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(B)(iii) by increasing the threshold amounts of crack from 5 grams to 28 grams. Because Defendant is serving a sentence for pre-August 3, 2010 violations of § 841(b)(1)(B)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019)

In light of the First Step Act and as set forth in the Sentence Reduction Report, the Court concludes that Defendant is now subject to a reduced statutory sentencing range. As to both counts, the custody term has been reduced from 10 years-to-Life to not more than 30 years, and the supervised release term has been reduced from at least 8 years to at least 6 years. *See* 21 U.S.C. § 841(b)(1)(C) (setting forth the current penalties for a defendant with at least one prior conviction for a felony drug offense

who is convicted of possessing with intent to distribute less than 28 grams of crack). His Guidelines range, after factoring in the prior two-level variance, is 151–188 months imprisonment (29/VI), followed by 6 years of supervised release.

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Because he has already been released from custody, he only seeks a reduction in his term of supervised release to 6 years. *See* ECF No. 628 at 8. The Government consents to this reduction. *See* ECF No. 630 at 1.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations, the Court concludes that it would be appropriate to reduce his term of supervised release to 6 years.

For these reasons, Defendant's motion, ECF No. 628, is **GRANTED**. An amended judgment will follow.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 12, 2019
Columbia, South Carolina